NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0451n.06
Filed: July 31, 2008

No. 06-2517

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| ROBERT LAVERNE BROWN, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    SILER and COLE, Circuit Judges; and CLELAND, District Judge.[*]

**PER CURIAM.** Brown was charged with knowingly and unlawfully escaping from the Kalamazoo Probation Enhancement Program ("KPEP"), a probation facility that maintains halfway houses in several counties in the Western District of Michigan. The indictment erroneously stated that Brown escaped from the KPEP located in Kalamazoo County, when he actually escaped from the KPEP in Calhoun County. Brown noted this discrepancy during his plea colloquy and subsequent sentencing hearing, but acknowledged that both counties lie in the Western District of Michigan. The district court overruled Brown's objection to his sentence because of the erroneous designation of county in the indictment, explaining that the court had jurisdiction notwithstanding

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

what the court referred to as a "technical mistake" in the indictment. The court then asked Brown whether he understood the charge, the associated penalties, and his various rights provided by law. Brown answered affirmatively and entered a plea of guilty. Brown now appeals, arguing that the court permitted an inappropriate variance from the charge set forth in his indictment. According to Brown, because the grand jury indicted him for escaping from the KPEP in Kalamazoo County, when he in fact escaped from the KPEP in Calhoun County, his Fifth Amendment right to a grand jury was violated. He asks this Court to vacate his conviction.

To vacate a conviction due to a "fatal" variance, Brown must satisfy a two-prong test: "(1) the variance must be demonstrated and (2) the variance must affect some substantial right of the defendant. A substantial right is affected only when the defendant establishes prejudice in his ability to defend himself or to the overall fairness of the trial." *United States v. Prince*, 214 F.3d 740, 757 (6th Cir. 2000) (internal citations omitted); *see also United States v. Crozier*, 259 F.3d 503, 518-19 (6th Cir. 2001). Brown fails to meet this test. Even if the mistake in the county specification constitutes a variance—a slight one, at best—it is immaterial. The county identification was not a necessary part of the charging language of the indictment, given that the indictment satisfied the jurisdictional element by stating that the offense took place in the Western District of Michigan.

Further, Brown fails to explain how the discrepancy between the county listed in the indictment and the county from which he admits he escaped was prejudicial to his defense. The technical error did not affect his substantial rights, as the indictment sufficiently set forth the elements of the offense, apprised Brown of the charges against him, and protected him against double jeopardy by providing the date of the offense. In other words, there is no risk that Brown pleaded to a crime he did not commit or that he could face a subsequent prosecution for the same

2

offense. He was charged with escaping from a KPEP facility in the Western District of Michigan on a specific date, and this is what his conviction reflects. Logically, there is no risk that he could later be charged with escaping from another facility on the same date because he was lawfully detained in only one facility on that date. Any so-called "variance," therefore, does not invalidate or amend the indictment.

For the foregoing reasons, we affirm Brown's conviction and sentence.